**GULFSTREAM SHIPPING CO., Ltd.,**
**Appellant,**

**v.**

**COLLINS & TOLSON, INC., Appellee.**

**No. 21984.**

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1966.

George H. Henry, Miami, Fla., for appellant.

Gerard Ehrich, Ehrich & Zuckerman, Harry Zuckerman, Miami, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

JONES, Circuit Judge:

■ Prior to a consideration of this appeal on its merits, we are met with the necessity of disposing of a jurisdictional motion which raises the question as to whether or not the appeal was taken within the prescribed time. The cause is in admiralty. Notice of appeal in an action suit or proceeding in admiralty must be filed within ninety days after the entry of the order, judgment or decree appealed from. After the entry of an order in admiralty and before the expiration of the ninety day appeal period, a motion for rehearing was filed. The motion was denied. Thereafter and within ninety days after the motion for rehearing was denied, but more than ninety days after the entry of the judgment, the notice of appeal from the judgment was filed. The question is whether the period for seeking review begins to run from the date of the court's denial of the motion for rehearing rather than from the date of the court's entry of the judgment where the motion for rehearing is filed within the period allowed for appealing from the original judgment. There is no admiralty rule nor is there any rule of the district court which provides for motions or petitions for rehearing in admiralty cases or providing for the extension of the appeal period when such a motion has been filed. It is our view that, notwithstanding the absence of a governing rule, the time for taking an admiralty appeal is extended by a motion or petition for rehearing filed prior to the expiration of the ninety day period following the entry of the judgment. This, we think, is true where, as in this case, the court considered and ruled upon the motion for rehearing. It is not necessary that we consider whether the same principle would apply if the court declined to entertain the application for rehearing. It is the conclusion of the Court that the appeal was taken within the time permitted and that there is jurisdiction in the Court to decide the appeal on its merits. United States v. Healy, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527, and Ribaudo v. Citizens National Bank, 5th Cir. 1958, 261 F.2d 929.

■ On the merits it is clear from the record that there was an account stated which was binding upon the parties and a judgment giving effect to the account stated should be sustained. The judgment is

Affirmed.